*GAYLES' HEIRS* vs. *GRAY.*

APPEAL from the court of the third district

PORTER, J. delivered the opinion of the court. This is a petitory action. On the trial in the court below, the plaintiffs, in support of their title, offered in evidence a grant from the Spanish government. Several objections were made to it, and overruled, and it was read to the jury. As soon as the reading was gone through, we are informed by a bill of exceptions, the defendant's counsel objected, "that the said patent could not be considered as legal evidence under the issue, in this case, because it appeared on the face of it to have been executed by an authority having no right to grant titles to lands in Louisiana at the time it was dated." The court was of this opinion, and withdrew the paper from the jury.

It appears to us the court below erred. The

A grant in the usual form, and signed by an officer authorised to grant land under the Spanish government, is legal evidence to go to the jury. Whether the land was the proper subject of a grant, or political circumstances prevented a title passing, are questions as to the *effect*, not the *legality* of the grant.

grant was in the usual form, and clothed with the signature of an officer authorised to issue grants for lands by the Spanish government.— Such instruments, it has been frequently decided, are legal evidence, and we see no reason to take that which was offered in this case out of the general rule. Whether the land in dispute was, at that time, a proper subject for a grant by this officer—whether, from political changes, his power to make a concession of it had not ceased, was certainly a grave question. But it was one as to the *effect* of the instrument, and presented no legal obstacle to its introduction as proof in the cause. Whenever an instrument of writing is legally proven and relevant to the matter at issue, it should be received in evidence. The influence it should obtain in deciding the rights of the parties can only be ascertained when, after all the evidence is received, the cause is examined on its merits.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; that the cause be remanded to the said court, with directions not to refuse permission to the plain-

tiff to read in evidence the grant to their ances- Eastern Dis,
May, 1828:
tor; and it is further ordered and decreed, that
the appellee pay the costs of this appeal.

GAYLE
*vs.*
GRAY.

*McCaleb* for the plaintiffs, *Hennen* for the defendant.